FILED

2010 Mar-29  AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **MIRANDA J. JOHNSON,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **vs.** | } | |
| | } | **CASE NO. 7:08-cv-01060-SLB** |
| **ALABAMA POWER COMPANY,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is currently before the court on a number of motions, including plaintiff Miranda J. Johnson's (the "Plaintiff") Motion to Set Aside Dismissal By Mediation, (Doc. 20), Motion to Reinstate/Reopen, (Doc. 22), Motion for the Court to Grant Plaintiff Miranda J. Johnson Court Appointed Legal Counsel, (Doc. 25), Motion to Appoint Counsel, Reopen Lawsuit and for Leave to File Under Seal, (Doc. 29), Renewed Motion to Reinstate/Reopen Case to Original Status, (Doc. 31), and Motion to Remove Attorney John A. Bivens from Attorney of Record, (Doc. 32).[1]  Also before the court are defendant Alabama Power Company's ("APCO") Motion to Enforce Settlement Agreement, (Doc. 21), and Motion to Remove from the Public Record, (Doc. 26).  Upon consideration of the record and the relevant law, the court is of the opinion that Plaintiff's Motion to Set Aside Dismissal By Mediation, (Doc. 20), is due to be denied, her Motion to Reinstate/Reopen, (Doc. 22), is due

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

to be denied, her Motion for the Court to Grant Plaintiff Miranda J. Johnson Court Appointed Legal Counsel, (Doc. 25), is due to be denied as moot, her Motion to Appoint Counsel, Reopen Lawsuit, and for Leave to File Under Seal, (Doc. 29), is due to be denied in part and denied in part as moot, her Renewed Motion to Reinstate/Reopen Case to Original Status, (Doc. 31), is due to be denied, and her Motion to Remove Attorney John A. Bivens from Attorney of Record, (Doc. 32), is due to be denied as moot.  The court is further of the opinion that APCO's Motion to Remove from the Public Record, (Doc. 26), is due to be granted, and its Motion to Enforce Settlement Agreement, (Doc. 21), is due to be denied.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2008, Plaintiff filed her initial Complaint against APCO, alleging discrimination on the basis of race.  (Doc. 1.)  Plaintiff filed an Amended Complaint on October 21, 2008.  (Doc. 9.)  Later, Plaintiff filed a Second Amended Complaint.  (Doc. 16.)

On December 4, 2008, pursuant to Section IV.B of the court's Alternative Dispute Resolution Plan, the court entered an order referring the case to mediation and directing the parties to select a mediator from the court's Panel of Neutrals.  (Doc. 12.)  The parties filed a Notice of Mediation Selection on December 18, 2008, informing the court that they had selected Ms. Fern Singer to act as mediator.  (Doc. 13.)  The mediation took place on February 13, 2009.  (*See* Doc. 20 at 1.)  Following the mediation, the court was advised by counsel that the case had been settled in mediation.  (*See* Doc. 19.)  As a result, the court

entered a corresponding Order on February 18, 2009, stating that:

> The court having been advised by counsel that the above-styled case has been settled in mediation, it is therefore **ORDERED** that this action is hereby **DISMISSED WITHOUT PREJUDICE** to the right of any party to reopen the action within sixty (60) days, upon good cause shown, or to submit a stipulated form of final judgment.

(*Id.*)  Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, which specifies the rules for computing time, the parties had until April 20, 2009 "to reopen the action . . . upon good cause shown, or to submit a stipulated form of final judgment."  (*See id.*)

On April 16, 2009, Plaintiff filed a Motion to Set Aside Dismissal by Mediation, informing the court that "Plaintiff became dissatisfied with the agreement made at the mediation and has refused to go through [with] the agreement."  (Doc. 20.)  Plaintiff therefore requested that the court set aside its February 18, 2009 Order.  (*Id.*)  Subsequently, on April 17, 2009, APCO filed its Opposition to Plaintiff's Motion to Set Aside Dismissal by Mediation and Defendant's Motion to Enforce Settlement Agreement.  (Doc. 21.)  Also on April 17, 2009, Plaintiff filed, *pro se*, a Motion to Reinstate/Reopen, alleging that at the February 13, 2009 mediation, "an unsatisfactory agreement was presented and declined by Plaintiff," and that "[n]o further mediation has been attempted, and no agreement has been met."  (Doc. 22.)

Thereafter, on April 23, 2009, Plaintiff notified the court that she had fired her attorney, was seeking substitute counsel, and was otherwise proceeding *pro se*.  (Doc. 23.)  Despite the April 23, 2009 notice, Plaintiff, by and through her presumably former attorney, on May 4, 2009, filed a response to APCO's Motion to Enforce Mediated Settlement.  (Doc.

24.)  That said, Plaintiff's attorney failed to sign the pleading.  (*See id.* at 3.)

On May 6, 2009, Plaintiff filed, *pro se*, a Motion for the Court to Grant Plaintiff Miranda J. Johnson Court Appointed Legal Counsel.  (Doc. 25.)  Also in Plaintiff's May 6, 2009 filing, Plaintiff responded in opposition to APCO's Opposition to Plaintiff's Motion to Set Aside Dismissal by Mediation and Defendant's Motion to Enforce Settlement Agreement, arguing in part that following the February 13, 2009 mediation, APCO provided Plaintiff with a formal Settlement Agreement and General Release, but that the formal agreement added additional, unsatisfactory terms to the original agreement, and for that reason Plaintiff refused to sign it.  (*See id.* at 2-3.)  Plaintiff attached to the response, *inter alia*, an unexecuted Settlement Agreement and General Release Between Miranda Johnson and Alabama Power Company (the "Formal Settlement Agreement and General Release"). (*See id.* at Ex. 1.)  In response to Plaintiff's filing the Formal Settlement Agreement and General Release, APCO, on May 15, 2009, filed a Motion for Leave to File Under Seal the Mediation Settlement Agreement and Motion to Remove from the Public Record and File Under Seal Plaintiff's Motion for the Court to Grant Plaintiff Miranda Johnson Court Appointed Legal Counsel.  (Doc. 26.)  On May 18, 2009, the court granted APCO's Motion for Leave to File Under Seal the Mediation Settlement Agreement, and directed APCO to submit the agreement to the Clerk's Office by May 25, 2009.  (Doc. 27.)  On May 19, 2009, APCO submitted an executed Mediation Settlement Agreement, dated February 13, 2009 (the "Mediation Settlement Agreement"); the agreement provides in part that "Pl will dismiss her

case w/ prejudice." (Doc. 28 at ¶ 4.)  APCO, Plaintiff's counsel, and Plaintiff all signed the

agreement.  (*Id.* at 2.)

On May 22, 2009, Plaintiff filed, *pro se*, a Motion to Appoint Counsel, Reopen

Lawsuit, and for Leave to File Under Seal.  (Doc. 29.)  Thereafter, on August 7, 2009,

Plaintiff again filed, *pro se*, a Renewed Motion to Reinstate/Reopen Case to Original Status.

(Doc. 31.)  In the Renewed Motion, for the first time, Plaintiff claimed that she was

"threaten[ed] and coerced by her [former attorney] to sign the [Mediation Settlement

Agreement]."[2]  (*Id.* at 1.)  Specifically, Plaintiff claimed her former attorney "told Plaintiff

that Plaintiff had to either come up with Fifteen Thousand Dollars immediately, or he was

going to drop the Plaintiff's case unless Plaintiff signed the [Mediation Settlement

Agreement] in spite of the fact he knew that Plaintiff was not please[d] with said agreement."

(*Id.*)  On August 12, 2009, APCO filed an Opposition to Plaintiff's Renewed Motion to

Reinstate Case to Original Status.  (Doc. 30.)  Plaintiff filed, *pro se*, a reply to ACPO's

opposition on August 13, 2009, reasserting many of her previous arguments and also

contending that APCO and her former attorney did not provide her with the Formal

Settlement Agreement and General Release until February 20, 2009, two days after the date

that APCO had agreed to do so under the Mediation Settlement Agreement.  (Doc. 32 at 2.)

Plaintiff included in the reply a Motion to Remove Attorney John A. Bivens from Attorney

---

[2] Plaintiff did initially allege "she was pressured into an agreement" in her May 6, 2009 opposition to APCO's Opposition to Plaintiff's Motion to Set Aside Dismissal by Mediation and Defendant's Motion to Enforce Settlement Agreement." (Doc. 25 at 5.)  However, Plaintiff did not indicate the source of the pressure at that time.  (*See id.*)

of Record.  (*See id.*)

Next, on August 18, 2009, Plaintiff again filed, *pro se*, an Opposition to Defendant's Opposition to Plaintiff's Renewed Motion to Reinstate Case to Original Status.  (Doc. 33.) Finally, on October 5, 2009, Plaintiff filed, *pro se*, an Affidavit to Support Threats and Coercions.  (Doc. 34.)

## II.  DISCUSSION

### A.  PLAINTIFF'S MOTIONS TO SET ASIDE THE COURT'S FEBRUARY 18, 2009 ORDER AND REOPEN THE CASE (DOCS. 20, 22, 29 & 31)

As stated above, the court's February 18, 2009 Order provided that the "action is hereby **DISMISSED WITHOUT PREJUDICE** to the right of any party to reopen the action within sixty (60) days, *upon good cause shown*."  (Doc. 19 (emphasis added).)  It is therefore incumbent on the court to determine whether Plaintiff has shown "good cause" to reopen the action.  (*See id.*)  *Black's Law Dictionary* defines "good cause" as "[a] legally sufficient reason."  *Black's Law Dictionary* 251 (9th ed. 2009).  Thus, to establish "good cause," Plaintiff must show an entitlement to relief under Rule 60(b) of the Federal Rules of Civil Procedure, which details the legally sufficient reasons for which a court, exercising its discretion, can grant relief from a final judgment, order, or other proceeding.  *See* Fed. R. Civ. P. 60(b).  The rule states:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

6

(1)     mistake, inadvertence, surprise, or excusable neglect;
(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)     the judgment is void;
(5)     the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)     any other reason that justifies relief.

*Id.* The United States Court of Appeals for the Eleventh Circuit has noted that Rule 60(b) "should be construed in order to do substantial justice, but this does not mean that final judgments should be lightly reopened." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation omitted). Instead, "[t]he provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of *all* the facts.'" *Id.* (quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).

In the instant case, the court finds that Plaintiff has alleged two relevant grounds for setting aside the court's February 18, 2009 Order and reopening the case.[3] (*See, e.g.*, Doc.

---

[3] Plaintiff has asserted numerous other, though patently insufficient grounds. (*See, e.g.*, Doc. 25 at 3; Doc. 32 at 2.) For example, it is of no relevance in the court's determination whether to set aside its February 18, 2009 Order and reopen the case that the Formal Settlement Agreement and General Release contains "many additions" to the Mediation Settlement Agreement, such as a clause providing that the contract would be "interpreted, enforced, and governed under the laws applicable in Alabama." (*See* Doc. 25 at 3, 8; Doc. 28 at 1.) *See, e.g.*, *New Amsterdam Cas. Co. v. W.T. Taylor Const. Co.*, 12 F.2d 972, 975-76 (5th Cir. 1926) ("A contract may be modified by adding provisions which do not change the legal effect of those contained in the original contract."); *Bryant v. Cruises, Inc.*, 6 F. Supp. 2d 1314, 1321 n.5 (N.D. Ala. 1998) ("For actions sounding in contract, the Alabama rule of *lex loci contractus* governs: the law of the place where the contract was formed.").

20 at 1, Doc. 31 at 1.)  Accordingly, the court will limit its discussion to those grounds.

First, Plaintiff maintains that "[s]ubsequent to the Mediation on February 13, 2009, Plaintiff became dissatisfied with the agreement made at the mediation."  (Doc. 20 at 1.) Second, Plaintiff asserts that she was "threaten[ed] and coerced by her [former attorney] to sign the [Mediation Settlement Agreement]," (Doc. 31 at 1), and therefore she did not "voluntarily and knowingly" consent to the Mediation Settlement Agreement, (Doc. 33 at 1-2).

As to Plaintiff's first ground, that she "became dissatisfied with the [Mediation Settlement Agreement]" following the mediation, (Doc. 20 at 1), APCO responds that "Plaintiff's remorse regarding the agreement in which she entered is not grounds to set it aside and to reopen her case," (Doc. 21 at 2.)  APCO cites, *inter alia*, *Glass v. Rock Island Refining Corp.*, 788 F.2d 450 (7th Cir. 1986), in support.  (Doc. 21 at 2 n.2.)  In *Glass*, a former employee had filed suit against his former employer, alleging discrimination on the basis of race, but later settled the dispute.  788 F.2d at 451-52.  Subsequent to the settlement, and after the court had dismissed the case, the former employee sought to set aside the settlement, arguing in part that he was dissatisfied with the amount.  *Id.* at 452.  On appeal from the district court's confirmation of its earlier order of dismissal, the United States Court of Appeals for the Seventh Circuit, in affirming the decision of the district court, stated in part that "[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient– 'If a party to a Title VII suit who has

8

previously authorized a settlement changes his mind ..., that party remains bound by the terms of the agreement.'" *Id.* at 454-55 (quoting *Worthy v. McKesson Corp.*, 756 F.2d 1370, 1373 (8th Cir. 1985)); *see also Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) ("If a party to a Title VII suit who has previously authorized a settlement changes his mind when presented with the settlement documents, that party remains bound by the terms of the agreement.") (citations omitted).  Simply put, the court agrees with APCO and finds that Plaintiff's subsequent dissatisfaction with the Mediation Settlement Agreement fails to establish good cause.  As a result, Plaintiff's motions to set aside the court's February 18, 2009 Order and reopen the case on the ground that she later became dissatisfied with the Mediation Settlement Agreement are due to be denied.

With regard to Plaintiff's second ground, that she was "threaten[ed] and coerced by her [former attorney] to sign the [Mediation Settlement Agreement]," (Doc. 31 at 1), and that she therefore did not "voluntarily and knowingly" consent to the Mediation Settlement Agreement, (Doc. 33 at 1-2), APCO again asserts that Plaintiff's claim "does not void an otherwise enforceable settlement agreement," (Doc. 30 at 1).  In part, APCO cites *Macktal v. Secretary of Labor*, 923 F.2d 1150 (5th Cir. 1991), as support for its argument.  (Doc. 30 at 1-2.)  In *Macktal*, a former employee claimed that "he was constructively discharged because of his whistle-blowing activity," and filed a complaint against his former employer, a nuclear power plant, with the Secretary of Labor pursuant to the Energy Reorganization Act of 1974.  923 F.2d at 1151-52.  The parties later settled the case and entered into a written

settlement agreement, including two general releases, resulting in the parties filing a joint motion to dismiss, which the Administrative Law Judge assigned to the case recommended the Secretary grant. *Id.* at 1152-53. Prior to a ruling, the former employee, through new counsel, asked that the Secretary reject the settlement agreement. *Id.* at 1153. In part, the former employee argued that his previous attorneys pressured him to accept the settlement agreement and general releases, and that such pressure "void[ed] his consent." *Id.* at 1157. Specifically, he argued that "his attorneys threatened to withdraw from representation and to charge [him] $12,000 in fees if he did not consent to the [initial oral agreement]." *Id.* Further, the former employee alleged that "when the parties had reduced the terms of the settlement to writing . . . he refused to sign. He allege[d] that because he refused to sign, his attorneys signed on his behalf," and that "his attorneys then used the written settlement (that they had signed on his behalf) to bludgeon him into signing two versions of the general release." *Id.* Nevertheless, citing a number of cases from several circuits, "the Secretary ruled that the alleged coercion by [the former employee's] counsel did not affect the validity of his consent to the settlement." *Id.* (footnote omitted). Instead, the Secretary determined that the former employee, and not the nuclear power plant, "should bear the risk of his attorneys' alleged misconduct, and refused to void the settlement based on [the former employee's] allegations." *Id.* On appeal, the United States Court of Appeals for the Fifth Circuit held that it could not "say that [the Secretary's] action constituted an abuse of discretion." *Id.* at 1157-58.

In the instant case, analogous to *Macktal*, it is undisputed that Plaintiff's former attorney and Plaintiff signed the Mediation Settlement Agreement.  (*See* Doc. 28 at 2.) What's more, as APCO points out, Plaintiff's former attorney was not the only party assisting Plaintiff in the mediation, as the mediator, Ms. Fern Singer, was also present.  (Doc. 30 at 1 n.1.) That Plaintiff's former attorney may have coerced Plaintiff into signing the Mediation Settlement Agreement is indeed a cause for concern, but the court agrees with APCO that "[i]f the plaintiff's allegations are true, the plaintiff's remedy is an action against her former attorney, not to undo the settlement agreement." (*Id.* at 1.)  For that reason, the court is of the opinion that Plaintiff's motions to set aside the court's February 18, 2009 Order and reopen the case on the ground that her former attorney threatened and coerced her to sign the Mediation Settlement Agreement do not establish good cause, and are thus due to be denied. *See Macktal*, 923 F.2d at 1157-58; *see also Gieros v. Dep't of Navy*, 106 F.3d 426 (Fed. Cir. 1997) (unpublished table decision) ("A bare allegation of coercion or duress is insufficient to demonstrate that a settlement agreement is tainted with invalidity.  This is so, even if a person alleges that she has been coerced by her own attorney into signing the settlement agreement . . . .") (internal citation omitted); *Petty v. Timken Corp.*, 849 F.2d 130, 132-33 (4th Cir. 1988) (holding allegation of improper inducement by former attorney to accept settlement agreement insufficient to void settlement, and that "any remaining dispute is purely between the party and his [former] attorney" (citation omitted)); *Gilbert v. United States*, 479 F.2d 1267, 1267 (2d Cir. 1973) ("Where a settlement is agreed upon among

11

clients and counsel, the terms are conveyed to the court by counsel and judgment entered accordingly . . . the judgment [may not] be set aside on the complaint of one party that his counsel coerced him into agreement[.]").[4]

## B.   APCO'S MOTION TO REMOVE FROM THE PUBLIC RECORD AND FILE UNDER SEAL PLAINTIFF'S MOTION FOR THE COURT TO GRANT PLAINTIFF MIRANDA JOHNSON COURT APPOINTED LEGAL COUNSEL (DOC. 26)

In its Motion to Remove from the Public Record, APCO asks that the court "remove from the public record and file under seal Plaintiff's Motion for the Court to Grant Plaintiff Miranda Johnson Court Appointed Legal Counsel and the attachments to said Motion." (Doc. 26 at 1.)   APCO argues that Plaintiff's motion and the attachments to the motion include "arguments regarding the terms and conditions of the confidential Mediation Settlement Agreement . . . and the corresponding formal Settlement Agreement and General Release submitted by [APCO] to Plaintiff."   (*Id.* at 1-2.)   APCO states that "[t]he parties agreed to keep the settlement terms confidential," and "Plaintiff's Motion and accompanying attachments referencing the actual terms of the agreement should be kept under seal and removed from the public record."   (*Id.* at 2.)   In response, Plaintiff contends that no one discussed with her, nor did she agree to confidentiality during the February 13, 2009 mediation.   (*See* Doc. 33 at 2.)   However, the Mediation Settlement Agreement, which

---

[4] Because Plaintiff's motions to set aside the court's February 18, 2009 Order and reopen the case are due to be denied, Plaintiff's motions to appoint counsel, (Docs. 25 & 29), Motion for Leave to File Under Seal, (Doc. 29), and Motion to Remove Attorney John A. Bivens from Attorney of Record, (Doc. 32), are all due to be denied as moot.

Plaintiff herself signed, specifies that the Formal Settlement Agreement and General Release "will include . . . a . . . confidentiality clause," which consequently implies that Plaintiff agreed to keep the settlement terms confidential.  (*See* Doc. 28 at ¶ 5.)

At any rate, Section 4.B.10 of the court's Alternative Dispute Resolution Plan (the "ADR Plan") likewise requires confidentiality.  *See* United States District Court Northern District of Alabama, Local Rules and Alternative Dispute Resolution Plan app. at § 4.B.10 (1993).  Section 4.B.10 states in part that:

> The entire mediation process is confidential and by entering into mediation the parties mutually covenant with one another to preserve confidentiality on the basis established in this Plan.  The parties and the mediator may not disclose information regarding the process, except the terms of settlement, to the court or to third persons unless all parties agree.

*Id.*  In Plaintiff's Motion for the Court to Grant Plaintiff Miranda J. Johnson Court Appointed Legal Counsel, Plaintiff indeed discloses information regarding the February 13, 2009 mediation other than the terms of the Mediation Settlement Agreement.  (*See, e.g.*, Doc. 25 at 3.)  APCO did not agree to such disclosures.  (*See* Doc. 26.)  Therefore, even if Plaintiff's contention is true that no one discussed with her, nor did she agree to confidentiality, (*see* Doc. 33 at 2), and again the signed Mediation Settlement Agreement suggests otherwise, (*see* Doc. 28), it remains that Plaintiff's motion contains impermissible disclosures under the court's ADR Plan.  Accordingly, APCO's Motion to Remove from the Public Record, (Doc. 26), is due to be granted.

**C.      APCO'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (DOC. 21)**

In its Motion to Enforce Settlement Agreement, APCO requests that the court enter

an order "enforcing the [Mediation Settlement Agreement]."  (Doc. 21 at 2-3.)  However, it

remains that this court's jurisdiction is essentially limited to deciding whether to reopen the

case pursuant to the court's February 18, 2009 Order of dismissal.  *See Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (holding that district court

lacked jurisdiction to enforce a settlement agreement because the district court's order of

dismissal did not retain jurisdiction for that purpose); *Am. Disability Assoc., Inc. v.*

*Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002) (noting that "if the district court either

incorporates the terms of a settlement into its final order of dismissal *or* expressly retains

jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties'

agreement").  Here, as in *Kokkonen*, the court's February 18, 2009 Order did not retain

jurisdiction to enforce the settlement reached by the parties during the February 13, 2009

mediation.[5]  (*See* Doc. 19.)  For that reason, APCO's Motion to Enforce Settlement

Agreement, (Doc. 21), is due to be denied.[6]

---

[5] The court now retains jurisdiction to enforce a settlement agreement when it dismisses a case without prejudice on news of a settlement between the parties.  However, the court did not retain jurisdiction in this case.

[6] Indeed, as the United States Supreme Court stated in *Kokkonen*, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."  511 U.S. at 382.  Nothing in this Memorandum Opinion or contemporaneously filed Order should be construed to limit APCO's right to pursue such action in state court if it so chooses.

### III. **CONCLUSION**

For the foregoing reasons, the court is of the opinion that Plaintiff's Motion to Set Aside Dismissal By Mediation, (Doc. 20), is due to be denied, her Motion to Reinstate/Reopen, (Doc. 22), is due to be denied, her Motion for the Court to Grant Plaintiff Miranda J. Johnson Court Appointed Legal Counsel, (Doc. 25), is due to be denied as moot, her Motion to Appoint Counsel, Reopen Lawsuit, and Leave to File Under Seal, (Doc. 29), is due to be denied in part and denied in part as moot, her Renewed Motion to Reinstate/Reopen Case to Original Status, (Doc. 31), is due to be denied, and her Motion to Remove Attorney John A. Bivens from Attorney of Record, (Doc. 32), is due to be denied as moot. The court is further of the opinion that APCO's Motion to Remove from the Public Record, (Doc. 26), is due to be granted, and its Motion to Enforce Settlement Agreement, (Doc. 21), is due to be denied. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

The Clerk of the Court is **DIRECTED** to provide a copy of this Memorandum Opinion to Plaintiff at the following address:

> Miranda J. Johnson
> 215 Walker Road
> Vernon, Alabama 35592

15

**DONE** this 29th day of March, 2010.

*Sharon Lovelace Blackburn*

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE